THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN N. WATERS | ) | Case No. 14 CV 1704 |
| | ) | |
| Plaintiff, | ) | Judge James L. Graham |
| | ) | |
| v. | ) | Magistrate Judge Terence P. Kemp |
| | ) | |
| MICHAEL V. DRAKE, M.D., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MOTION OF DEFENDANTS MICHAEL V. DRAKE, M.D., JOSEPH E. STEINMETZ, Ph.D. AND THE OHIO STATE UNIVERSITY TO STAY DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26(c), defendants President Michael V. Drake, M.D. ("President Drake"), Provost Joseph E. Steinmetz, Ph.D. ("Provost Steinmetz"), and The Ohio State University ("Ohio State") respectfully move this Court to stay discovery pending the Court's ruling on the fully briefed Motion of Defendants Michael V. Drake. M.D., Joseph E. Steinmetz, Ph.D., and The Ohio State University for Judgment on the Pleadings. The grounds for this Motion are set forth more fully in the accompanying Memorandum in Support.

MICHAEL DeWINE
ATTORNEY GENERAL OF OHIO

By: /s/ Michael H. Carpenter
    Michael H. Carpenter (0015733)
    Timothy R. Bricker (0061872)
    Caitlin E. Murphy (0090665)
    CARPENTER LIPPS AND LELAND LLP
    280 Plaza, Suite 1300
    280 North High Street
    Columbus, OH 43215
    E-mail: carpenter@carpenterlipps.com
          bricker@carpenterlipps.com
          murphy@carpenterlipps.com

    Special Counsel for Defendants Michael V. Drake,
    Joseph E. Steinmetz, and The Ohio State University

**MEMORANDUM IN SUPPORT**

I.    **INTRODUCTION.**

This is a case that can, and should, be resolved on the legal grounds set forth in defendants' pending Motion for Judgment on the Pleadings ("MJOP"). At a minimum, if not dispositive, the Court's eventual ruling will be instructive on which issues remain and the most efficient way to conduct discovery to address those issues. In such circumstances, a stay of discovery is warranted until the Court rules on defendants' pending MJOP.

A stay also is justified because the burden of discovery for all parties pending a decision on defendants' MJOP strongly outweighs its benefits. Plaintiff Jonathan N. Waters will not be prejudiced by a stay. He already has responded to defendants' MJOP. In that response, he asks the Court to allow him to amend his pleadings, if needed, or, to convert the defendants' MJOP to one for summary judgment, and then allow discovery on the summary judgment issues. Proceeding with discovery without the benefit of the Court's ruling on the MJOP would, thus, unnecessarily complicate the relief proposed by plaintiff himself in connection with any ruling on defendants' dispositive motion.

If discovery were to go forward without the benefit of the Court's ruling, the burden on plaintiff, defendants, and third parties will be significant. Mr. Waters has identified, through initial disclosures, at least 40 people he claims may have discoverable evidence which support his claims, including President Drake, Provost Steinmetz, Archie Griffin, former Ohio State President Gordon Gee, Ohio State's Athletic Director Gene Smith, Ohio State's General Counsel, Ohio State's Deputy General Counsel, at least 19 other Ohio State employees and/or Board of Trustee members, members of the OSU Marching Band Culture Task Force, including former Ohio Attorney General Betty Montgomery, and current and former members

3

of Ohio State's Marching and Athletic Bands (the "Band"). Mr. Waters also identified the mother of a former Band member who lodged a Title IX complaint about the Band's culture. Plaintiff, defendants, and third parties, including the Title IX claimants and witnesses involved in the Title IX investigation, will face significant costs, privacy concerns and burden if Mr. Waters begins this voluminous discovery only to find the issues in this case gone or changed.

A stay of discovery should be entered pending a decision on defendants' Motion for Judgment on the Pleadings.

## II. BACKGROUND.

On July 24, 2014, Mr. Waters, who held leadership positions with the Band for more than a decade, was terminated by Ohio State after a Title IX investigation revealed a sexually hostile culture in the Band. Mr. Waters subsequently filed suit against defendants on September 26, 2014, claiming that his unclassified, at-will employment was improperly terminated without due process, and, that he was terminated because he is a man. *See* R. # 1, Complaint With Jury Demand ("Plts. Complaint"). On October 23, 2014, defendants filed their Answer and a Motion for Judgment on the Pleadings. *See* R. # 8, Answer of Defendants ("Def.'s Answer"); R. # 9, Motion of Defendants for Judgment on the Pleadings. Mr. Waters responded to defendants' MJOP, and briefing was completed on December 4, 2014. *See* R. # 11, Plaintiff's Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings; R. # 13, Reply Memorandum of Defendants in Support of Motion for Judgment on the Pleadings.

In the joint Rule 26(f) Report submitted to this Court on December 2, 2014, defendants indicated they believed discovery should be stayed pending a decision on their Motion for Judgment on the Pleadings. See R. # 12, 26(f) Report of Parties, at ¶¶ (5)(a), (6)(a-b and e).

Defendants reiterated this belief at the December 9, 2014 Case Management Conference. After discussion between the Magistrate Judge and counsel for the parties, it was agreed and ordered that the instant Motion for Stay should be filed on or before January 9, 2015. *See* R. # 14, December 9, 2014 Order. As part of the discussions, Mr. Waters' counsel indicated they were not authorized to agree to a stay of discovery at that time, but would review any Motion filed by defendants and determine if they agreed a stay was appropriate. It is hoped plaintiff will consent to the requested stay as his counsel indicated he might.

In his portion of the parties' 26(f) Report, Mr. Waters proposed a broad scope for discovery which would encompass "the nature of his employment, the investigation of Band culture conducted by defendants, the process leading to his termination of employment, [Ohio State's] practices and policies for Title IX investigations and employee discipline, the circumstances and handling of the Department of Education investigation of [Ohio State], [Ohio State's] subsequent statements and investigations after his termination and other issues that might arise during the litigation . . . ." See R. # 12, 26(f) Report of Parties, at ¶ (6)(a). This broad scope will certainly be informed by the Court's ruling on defendants' dispositive MJOP.

Consistent with the broad discovery he proposes, Mr. Waters has identified at least forty people he believes may support his claims in his Rule 26 Initial Disclosures, including President Drake, Provost Steinmetz and 22 other Ohio State employees and high-ranking officials, various attorneys for Ohio State, and current students of Ohio State. Mr. Waters also identified as a potential witness the mother of a former female Band member who made a Title IX claim about the Band's culture. Additionally, to accommodate his broad discovery scope, Mr. Waters requested that he be permitted to exceed the number of interrogatories and

depositions provided by the Federal Rules of Civil Procedure. See R. # 12, 26(f) Report of Parties, at ¶ (6)(b).

### III. LAW AND ARGUMENT.

#### A. A Stay Of Discovery Is Appropriate Where A Pending Dispositive Motion Is Predicated On Legal Questions That Are Unaffected By Discovery.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "Limitations on pretrial discovery are particularly appropriate 'where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (concluding that the district court did not abuse its discretion in making legal determinations without discovery) (quoting *Muzquiz v. W.A. Foote Memorial Hospital, Inc.*, 70 F.3d 422, 430 (6th Cir. 1995) (emphasis added)); *see also City of Dayton v. A.R. Environmental, Inc.*, No. C-3-11-CF-00383, 2012 WL 1856537, at *1 (S.D. Ohio Mar. 6, 2012) (staying discovery because "Plaintiff's motion to dismiss presents only legal questions").

The following facts are undisputed in this matter:

> (1) Mr. Waters signed an employment letter agreement which expressly states he was an unclassified, at-will employee of Ohio State. *See* R. # 8, Defs.' Answer, Ex. A (1/30/13 Employment Letter Agreement).
>
> (2) Mr. Waters was offered a public name clearing hearing. *See* R. # 1, Pl.'s Compl. at ¶ 106; R. # 8, Defs.' Answer at ¶ 106, Ex. V (September 11, 2014 Letter From Alexandra Schimmer).
>
> (3) Mr. Waters was terminated by Provost Steinmetz and supervised by Dr. Richard Blatti. *See* R. # 1, Pl.'s Compl. at ¶¶ 2, 100; R. # 8, Defs.' Answer at ¶¶ 2, 100, Ex. E (July 24, 2014 Termination Letter Addressed to Jonathan N. Waters); and
>
> (4) Lenee Buchman, the former Ohio State cheerleading coach who Mr. Waters claims was similarly situated, was supervised and terminated by Gene Smith, Ohio State's Director of Athletics, and not Provost Steinmetz. *See* R. # 1, Pl.'s

Compl. at ¶ 147; R. # 8, Defs.' Answer at ¶ 147, Ex. W (November 25, 2013 Termination Letter from Eugene Smith to Lenee Buchman), Ex. X (Athletics Department Organizational Chart).

Accordingly, the Court can determine as a matter of law the following dispositive legal issues raised in defendants' Motion for Judgment on the Pleadings:

(1)  **That Mr. Waters, as an unclassified, at-will employee, lacked the required property interest in his employment necessary to assert a due process claim.** *Christophel v. Kukulinsky*, 61 F.3d 479, 482 (6th Cir.1995) ("[U]nclassified civil servants have no property right to continued employment."));

(2)  **That the public name-clearing hearing Mr. Water was offered confirms he was not denied a name-clearing hearing.** *See Brown v. City of Niota, Tennessee*, 214 F.3d 718, 722-23 (6th Cir. 2000); *Cross v. Metro. Govt. of Nashville/Davidson Cty.*, No. 3-12-1109, 2013 WL 1899169 (M. D. Tenn. May 7, 2013) ("The Sixth Circuit also requires that a plaintiff raising this claim must show that he requested a name-clearing hearing after he was fired and ***was denied that hearing***") (emphasis added);

(3)  **That Mr. Waters, as an unclassified, at-will employee, cannot state a claim for lack of substantive due process.** *See Slyman v. City of Piqua*, 494 F. Supp. 2d 732, 735 (S.D. Ohio 2007), *aff'd*, 518 F.3d 425 (6th Cir. 2008); *Bracken v. Collica*, 94 Fed. Appx. 265, 269 (6th Cir. 2004) ("[A]t-will employment hardly seems the sort of fundamental interest protected by substantive due process."); and

(4)  **That Mr. Waters cannot establish that Ms. Buchman, the former cheerleading coach terminated by Gene Smith, Athletics Director, was similarly situated, a required element of his disparate treatment claim.** *See Jones v. St. Jude Med. S.C., Inc.*, 823 F. Supp. 2d 699, 732 (S.D. Ohio 2011), *aff'd*, 504 Fed. Appx. 473 (6th Cir. 2012) ("a comparable employee must have dealt with the same supervisor).

Discovery is not needed for the Court to rule on defendants' Motion for Judgment on the Pleadings. Consistent with this, Mr. Waters already has responded to the Motion. *See* R. # 11, Plaintiff's Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings. Defendants' arguments involve purely legal determinations and a stay of discovery is appropriate pending a ruling on defendants' Motion. *See Gettings*, 349 F.3d at 304.

### B. A Stay Of Discovery Also Is Appropriate Because The Burden Of The Contemplated Discovery Outweighs Its Benefits At This Time.

Even if defendants' Motion for Judgment on the Pleadings could not be determined based on purely legal issues, which it can, a stay would be appropriate in light of the burden discovery will impose on both sides, as compared to its limited benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (stating that a court must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues"). Such an analysis is relevant. "In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Wagner v. Mastiffs*, No. 2:08-CV-431, 2009 WL 5195862, at *1 (S.D. Ohio Dec. 22, 2009) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir.1983), vacated 726 F.2d 1150 (7th Cir.1984) (en banc), rev'd on other grounds 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)). "Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery." *Id.*

Here, Mr. Waters will not be prejudiced by a stay of discovery while the Court reviews and rules on defendants' Motion for Judgment on the Pleadings. He already opposed the Motion and the Court can now make the legal determinations necessary to issue a ruling. Related to the Motion for Judgment on the Pleadings, Mr. Waters also asks the Court to take actions which could significantly alter the scope and nature of discovery. In this regard, he requests that he be permitted to re-plead his Complaint, or, that the Court convert the Motion for Judgment on the Pleadings to one for summary judgment. Either has the clear potential to

8

alter discovery. Having to engage in discovery unnecessary to the issues remaining in the case, if any, or to redo discovery taken prematurely, without the benefit of the Court's ruling is not in the interests of either plaintiff, defendants or third parties who may be affected.

The extensive discovery Mr. Waters contemplates also will be overly burdensome.[1] As an initial matter, he identified 40 people he claims possess discoverable knowledge which may support his claims. Discovery of the information possessed by such persons will involve great expense and disruption of the operations of Ohio State, and in some instances, other organizations that employ the individuals he has identified as potential witnesses, *e.g.*, West Virginia University (where former President Gordon Gee presides). The discovery also will intrude on the privacy of third parties such as the mother who initially lodged a complaint related to the Band's culture. Such economic disruption, privacy concerns and burden weigh in favor of a temporary stay pending a ruling on defendants' Motion. *See Wagner*, No. 2:08-CV-431, 2009 WL 5195862 at *1 (recognizing the significance of societal concerns when ruling on a motion to stay discovery).

Additionally, Mr. Waters already has knowledge of most of what he apparently seeks. Related to former and current Band members and Title IX claimants, Mr. Waters has indicated discovery will be needed into "the investigation of Band culture conducted by defendants." *See* R. # 12, 26(f) Report of Parties, at ¶ (6)(a). But Mr. Waters already has the Title IX report and access to the Ohio State University Marching Band Culture Task Force report. In fact, Mr. Waters, through TBDBITL alumni association, already has conducted his own investigation which he attached and incorporated by reference in his Complaint.[2] A temporary stay in

---

[1] By filing this Motion, defendants are not stating that they agree all of the persons or documents disclosed by Mr. Waters are in fact discoverable or relevant, and do not waive any objections they may have.
[2] By filing this Motion, defendants are not stating that they accept or agree with all or any of the findings made in the TBDBITL Report, and do not waive their right to dispute the Report or make any objections they may have.

9

discovery will not delay Mr. Waters' access to any of this information.

Furthermore, there are unusual but important privacy issues in this case that are best served by a stay of discovery pending confirmation that exploration of such issues is even necessary. This is best done after the Court's ruling on the MJOP. For example, Mr. Waters has already identified as a person who may have discoverable knowledge supporting his claims, the mother of a former female Band member who made a Title IX complaint about the Band's culture. *Id.* at ¶ (A)(11). In addition to the mother, a second Title IX complaint was received from a former female Band member who had previously reported a sexual assault. *See* R. # 1, Plts. Complaint at ¶ 58; R. # 8, Defs. Answer at ¶ 58. Mr. Waters' initial disclosures also identify by name, and in general terms, still other participants in the University's Title IX investigation. These individuals—who include sexual harassment and assault complainants and witnesses, many of them students—should not be subject to discovery unless discovery is truly warranted.

Indeed, the Department of Education's Office for Civil Rights has recognized that Title IX complainants and witnesses are especially vulnerable to retaliation and other harassment, and the Department encourages precautions to protect the privacy of these individuals. The Department has issued Title IX guidance which requires that a school "take steps to prevent any further harassment, and to prevent any retaliation against the student who made the complaint (or was the subject of the harassment), against the person who filed a complaint on behalf of a student, or against those who provided information as witnesses." *See* Office for Civil Rights 2001 Revised Sexual Harassment Guidance: Harassment Of Students By School Employees, Other Students, Or Third Parties, at 17, available at http://www2.ed.gov/about/offices/list/ocr/docs/shguide.pdf (last visited December 18, 2014).

Ohio State, and the individual defendants, undoubtedly have an obligation to protect the privacy of Band members, and particularly those who have made a Title IX complaint related to a reported sexual assault. A stay at this point serves this purpose.

The burden to defendants and plaintiff is additionally exacerbated by the fact Mr. Waters has identified numerous attorneys as people who may have discoverable knowledge supporting his claims, including members of the OSU Marching Band Culture Task Force (which included former Ohio Attorney General Betty Montgomery and attorney David Vaughn), as well as Ohio State's General Counsel, Deputy General Counsel, and Associate General Counsel. Other attorneys may likewise be involved as discoverable witnesses. Discovery related to these persons inevitably will implicate attorney-client privilege and attorney work product issues. A brief delay in discovery would prevent the costs and Court's time associated with addressing such privilege and attorney work product issues.

A stay of discovery works no hardship and instead serves the laudable objectives of preventing unnecessary costs to both sides and protecting the privacy of third parties, including Title IX claimants and witnesses.

### IV.     CONCLUSION.

For all the foregoing reasons, defendants respectfully request that the Court stay discovery pending its ruling on defendants' Motion for Judgment on the Pleadings.

MICHAEL DeWINE
ATTORNEY GENERAL OF OHIO


By: /s/ Michael H. Carpenter
Michael H. Carpenter (0015733)
Timothy R. Bricker (0061872)
Caitlin E. Murphy (0090665)
CARPENTER LIPPS AND LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
E-mail: carpenter@carpenterlipps.com
     bricker@carpenterlipps.com
     murphy@carpenterlipps.com

Special Counsel for Defendants Michael V. Drake, Joseph E. Steinmetz, and The Ohio State University

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on January 9, 2015.  Notice was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.  The parties may access this filing through the Court's ECF system.

/s/  Michael H. Carpenter
One of the Attorneys for Defendants
Michael V. Drake, Joseph E. Steinmetz,
and The Ohio State University

608416