IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JONATHAN N. WATERS,** | Case No. 2:14-cv-1704 |
| **Plaintiff,** | Judge Graham |
| v. | |
| | Magistrate Judge Kemp |
| **MICHAEL V. DRAKE, M.D.,** *et al.*, | |
| **Defendants.** | |

## ORDER

The Court has reviewed the parties' briefs and believes there is a need for additional briefing in this case. The Court ORDERS the parties to address the following issues.

First, in his Response, the Plaintiff emphasizes that *The Ohio State University Marching Band Statement of Policies and Procedures* states that the Band Director "is a faculty member assigned to the Marching Band." Pl.'s Resp. in Opp. at 19, doc. 11. The Court would like further briefing as to the source of the Band's *Statement of Policies and Procedures*. Specifically, the Court would like to know whether the University has control over the content of the *Statement of Policies and Procedures*.

Second, in his Response, the Plaintiff refers to the Ohio Administrative Code and *The Ohio State University Rules of the University Faculty*. See Pl.'s Resp. in Opp. at 17–18. The Court would like further briefing as to the definition of a "faculty member" under the Ohio Administrative Code and *Rules of the University Faculty*. Specifically, the Court would like to know what is the standard for terminating the employment of a non-tenured faculty member under the Ohio Administrative Code and *Rules of the University Faculty*.

1

Third, in their Reply, the Defendants direct the Court's attention to Lane v. Terminal Freight Handling Co., in which a member of this Court held that "[a]lthough an implied contract or promissory estoppel may take a case out of the employment at will doctrine, . . . this does not hold true where there is an unambiguous written contract to the contrary," 775 F. Supp. 1101, 1105 (S.D. Ohio 1991) (Holschuh, J.), aff'd, 944 F.2d 905 (6th Cir. 1991). Defs.' Reply at 4, doc. 13. Although the Defendants do not mention it in their Reply, another member of this Court has subsequently reached the opposite conclusion. See DeSanzo v. Titanium Metals Corp., 351 F. Supp. 2d 769, 778 (S.D. Ohio 2005) (Sargus, J.) (collecting Ohio cases and recognizing that the implied contract and promissory estoppel exceptions applied to written, as well as oral, at-will employment agreements). The Court would like further briefing on the issue raised by these cases. Specifically, the Court would appreciate briefing on any subsequent state or federal cases addressing whether a written at-will employment agreement can be modified by an implied contract or promissory estoppel under Ohio law.

The Plaintiff shall submit a Sur-Reply addressing the issues raised in this Order on or before March 30, 2015. The Defendants shall submit a response to the Plaintiff's Sur-Reply on or before April 6, 2015. The Court cautions the parties to confine their briefing to materials contained in the Complaint and Answer, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the Complaint. The Court intends to review the Defendants' Motion (doc. 9) consistent with the standard of review contained in Federal Rule of Civil Procedure 12(c) and will exclude any extraneous materials accordingly.

IT IS SO ORDERED.

                                                            s/ James L. Graham
                                                            JAMES L. GRAHAM
                                                            United States District Judge

DATE:  March 23, 2015