IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JONATHAN N. WATERS,**  Case No. 2:14-cv-1704

    **Plaintiff,**  Judge Graham

  v.

    Magistrate Judge Kemp

**MICHAEL V. DRAKE, M.D.,** *et al.***,**

    **Defendants.**

## ORDER

The Court has reviewed the parties' initial discovery requests and responses as well as the correspondence between counsel detailing their disagreements about those requests and responses. The breadth and complexity of plaintiff's initial requests, the objections and narrow responses of the defendants, and counsels' intricate and convoluted correspondence about them is discouraging. They defy the substance and spirit of the recent amendments to the Federal Rules of Civil Procedure which were intended to simplify and expedite discovery in civil cases.

The Court will cite only one of many possible examples. The Ohio State University has scores of schools and colleges, hundreds of departments and almost 50,000 employees (counting student employees). Plaintiff's request for production of documents No. 8 requires the University to produce all reports or communications from the beginning of time filed by any OSU employee or agent complaining of any adverse employment action or condition.

Regretfully, it is apparent that the Court must be actively involved in the discovery process in order to ensure that this matter proceeds efficiently, economically and expeditiously.

Plaintiff's single remaining claim in this case is one for gender discrimination under Title IX. In order to prove this claim, plaintiff must produce sufficient evidence for a jury to find that

his employment was terminated because he is a man. He may attempt to prove this by direct or circumstantial evidence.

The first logical inquiry in such a case would be the identification of the decision maker(s). In the case of a state university, there would be a short list of potential decision makers: the Board of Trustees, the president or other high-ranking administrative officer such as the Provost, and the head of the department in which the plaintiff was employed. Here the defendants' response to the plaintiff's initial discovery requests identifies the decision-maker as the president of the university, Dr. Michael V. Drake. Plaintiff should proceed with Dr. Drake's deposition forthwith. The scope of his examination would, of course, include his reasons for terminating plaintiff's employment, as well as any actions or statements he may have taken or made which would tend to show that he harbors a gender-based animus against men, the identity of anyone he communicated with or received communications from regarding his decision to terminate plaintiff's employment, and the role, if any, those communications had in his decision to terminate plaintiff's employment.

Defendants shall forthwith provide plaintiff with the minutes of the Board of Trustees for the six-month period immediately preceding plaintiff's termination, which shall be accompanied by an affidavit from the secretary of the Board that they are a true and accurate account of what occurred at those meetings, and, if not, an explanation of any discrepancies. Defendants shall also provide affidavits from Executive Vice President and Provost Joseph E. Steinmetz describing his role, if any, in the termination of plaintiff's employment. Defendant shall also provide an affidavit from each member of the board of trustees describing his or her role, if any, in the termination of plaintiff's employment including any communications he or she may have had with President Drake regarding the termination of plaintiff's employment. Finally, defendant

shall provide an affidavit from the Chairman of the Department of Music describing his role, if any, in the termination of plaintiff's employment.

The record indicates that the decision to terminate plaintiff's employment was very likely influenced by a report prepared by Chris Glaros, Assistant Vice President for Compliance Operations and Investigations. Plaintiff shall proceed with the taking of Mr. Glaros's deposition. Plaintiff may inquire regarding any actions Mr. Glaros may have taken or any statements he may have made which would tend to indicate that he harbors a gender-based animus against men. The scope of the deposition will include any other investigations Mr. Glaros may have been involved with which concerned complaints similar to those lodged against plaintiff. The scope of this deposition shall not include a review or examination of the findings made in Mr. Glaros's report, the procedures involved in the investigation, or the grounds for those findings.

The procedures outlined above shall be completed on or before August 17, 2015, and the parties shall file their plans for any additional discovery on that date.

IT IS SO ORDERED.

                                                  s/ James L. Graham  
                                                  JAMES L. GRAHAM  
                                                  United States District Judge

DATE:  July 15, 2015