# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN N. WATERS | ) | Case No. 14 CV 1704 |
| | ) | |
| Plaintiff, | ) | Judge James L. Graham |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL V. DRAKE, M.D., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **AGREED PROTECTIVE ORDER**

This matter having come before the Court by agreement of the undersigned parties that a protective order intended to limit the review, copying, dissemination and filing of confidential documents and information produced by any party, or produced by or obtained from any non-party, in the course of discovery should be entered; the parties, by, between and among their respective counsel having agreed to the terms set forth herein and good cause having been shown; it is hereby ORDERED, ADJUDGED and DECREED that:

1. This Agreed Protective Order is being entered to facilitate the production, exchange and discovery of documents, materials and information produced in response to any discovery request in this action, or obtained from non-parties, including but not limited to, documents and other materials and information obtained through document requests, interrogatories, requests to admit or subpoena, as well as any affidavit and/or deposition testimony given in this action or documents or other materials marked as exhibits at any deposition, which the designating Party believes in good faith merits confidential treatment (hereinafter collectively the "Documents" or "Testimony").

2. The Ohio State University ("Ohio State"), as a public institution of the State of Ohio, is subject to Ohio Public Records Act, Ohio Rev. Code, Chapter 149. The intent of this Agreed Protective Order is not to shield information that would otherwise be required to be disclosed under Ohio Public Records Act.

3. The Family Education Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g(a)(4), prohibits educational institutions from releasing a student's "personally identifiable information." The latter term covers not only obvious identifiers such as student and family member names, addresses, and Social Security Numbers, but also personal characteristics or other information that would make a student easily identifiable. In evaluating records for release, an institution must consider what the requester already knows about the student to determine if that knowledge, together with the information to be disclosed, would allow the requester to ascertain the student's identity.

4. As used herein, "Confidential Information" subject to this Protective Order shall include all Documents and Testimony, and the information contained therein, if such Documents and Testimony contain (a) names, addresses, social security numbers, and other personally identifying information of students, complainants, victims or witnesses who participated in a Title IX investigation, in accordance with the Office for Civil Rights Revised Sexual Harassment Guidance (2001), except to the extent otherwise waived by the person(s), (b) education records as that term is defined by FERPA; (c) names, addresses, social security numbers, and other personally identifying information of current and/or former students of Ohio State who have reported, alleged, complained of, been accused of, or been a witness related to, sexual harassment and/or sexual assault, except to the extent otherwise waived by the person(s); and (d) personal and confidential information related to any person, including

2

Jonathan Waters, including, but not limited to, social security numbers, cell phone numbers, bank account numbers, and other personal financial information. Information or material which is available to the public shall not be classified as "Confidential Information."

5. Any Party may designate portions of Documents produced or obtained, or Testimony given, in connection with this action as Confidential Information by branding a Document, *i.e.*, stating on a Document that it "Contains Personally Identifiable Information, Subject To Protective Order in *Waters v. OSU*, Case No. 14 CV 1704" or something substantially similar, stating on the record of a deposition that Testimony or Documents constitute Confidential Information, stating in writing to undersigned counsel for the parties hereto within fourteen days of receipt of a deposition transcript that Testimony or Documents constitute Confidential Information, writing to the respective undersigned counsel for the parties hereto and stating information is Confidential Information, and redacting the Confidential Information before production or filing.

6. As used herein, "Producing Party" shall mean the parties to this action and any non-parties (and their respective counsel) producing Confidential Information in connection with depositions, discovery requests, subpoenas or otherwise, or any other party designating information as Confidential Information.

7. "Receiving Party" shall mean the parties to this action and any non-parties (and their respective counsel) receiving Confidential Information in connection with depositions, discovery requests, subpoenas or otherwise.

8. A Receiving Party may designate portions of Documents, Testimony or other material as Confidential Information, and request that any Confidential Information contained within the Documents or Testimony be redacted, within 14 days of the receipt of the

Documents or Testimony, if the Producing Party has not already done so.

9. Any Party may, at any time within fourteen days after the receipt of Confidential Information or a designation of Confidential Information, notify the Producing or designating Party in writing that the objecting Party does not concur in the designations or redactions of a Document or Testimony as Confidential Information. The parties shall, within seven (7) days of service of the written objection, confer concerning the objection. If the objection is not resolved, the objecting Party may move the Court for an order reclassifying the designations or redactions in those Documents or Testimony. Whether or not such motion is filed, such Documents or Testimony shall continue to be treated consistently with their initial designation unless and until the Court rules otherwise. With respect to any material which altogether ceases to be subject to the protection of this Agreed Protective Order, or which ceases to be subject to such protection as Confidential Information, the Producing or designating Party shall, at its expense, provide to each party which so requests an additional copy thereof from which all confidentiality legends affixed hereunder have been adjusted accordingly.

10. Except with the prior written consent of the Producing or designating Party, or by Order of the Court, designated or redacted Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of the parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff or third-party document support vendors) who are directly assisting such counsel in the

preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants assisting the parties or their counsel to furnish technical or expert services in connection with this action or to give Testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph 12 hereof;

(d) the Court and court personnel if disclosed or filed in accordance with Paragraphs 15 and 19 hereof, respectively;

(e) deposition witnesses and any officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraph 16 hereof;

(f) trial witnesses, if furnished, shown or disclosed in accordance with Paragraph 15 hereof;

(g) any author or historical recipient of the Confidential Information;

(h) any mediator and the mediator's personnel (including support staff) who are directly assisting the mediator in connection with this action, provided, however, the mediator and the mediator's personnel shall execute the Agreement to Respect Confidential Information annexed hereto as Exhibit A; or

(i) any other person agreed to in writing by the Producing Party.

11. Confidential Information shall be utilized by the Receiving Party only for

purposes of the above-captioned litigation, including appeals, and for no other purposes, including, but not limited to, for purposes of other litigation, with the exception that Ohio State and plaintiff may use confidential information in a manner subject to the requirements of this Order, in a related matter pending in the Ohio Court of Claims captioned *Jonathan N. Waters v. The Ohio State University* and bearing case No. 2015-00457, unless a separate Protective Order is entered in that matter. Confidential Information also shall not be used for purposes of communicating, or encouraging non-parties to communicate, with any sexual harassment or sexual assault complainants, victims, witnesses or accused, or any Title IX complainants, victims or witnesses, other than for purposes of this litigation and subject to the provisions of Paragraph 14. The Office for Civil Rights' Revised Sexual Harassment Guidance and other guidance prohibits retaliation against complainants, victims, witnesses, and participants to Title IX investigations, including conduct such as intimidation and threats. This Agreed Protective Order shall operate to ensure the utmost protection to any sexual harassment and sexual assault complainants, victims or witnesses.

12. Before any disclosure of Confidential Information may be made to an expert witness or consultant pursuant to Paragraphs 10(c) hereof, the expert or consultant is required to execute the attached Agreement to Respect Confidential Information (Exhibit A hereto).

13. As provided in Paragraph 5 hereof, portions of depositions may be designated as Confidential Information by indicating that fact on the record at the deposition or by designating Testimony or Documents as Confidential Information in a writing sent to undersigned counsel for the parties hereto within fourteen days of the receipt of a deposition transcript. If a designating party has advised the court reporter that Confidential Information has been disclosed during the deposition, the court reporter shall include on the cover page the

following indication: "Deposition Contains Confidential Information Subject to Protective Order in *Waters v. OSU,* Case No. 14 CV 1704." All depositions shall presumptively be treated as containing Confidential Information and subject to this Agreed Protective Order during the deposition and for a period of fourteen (14) days after a transcript of said deposition is received by counsel for each of the parties.

14. Except to the extent otherwise waived by the person, in the event that a party seeks to depose a sexual harassment or sexual assault complainant, victim, or accused associated with Ohio State, including, but not limited to, current or former students of Ohio State, or a Title IX complainant, victim or witness associated with Ohio State, including, but not limited to, current or former students of Ohio State, the proposed deponent shall first be contacted by the University. Except to the extent otherwise waived by the deponent, any such deposition shall be considered Confidential Information and should be filed only as provided in L.R. 79.3.

15. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, the parties shall confer and attempt to agree beforehand on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such hearing or trial. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party who has produced Confidential Information which may be used or introduced at such hearing or trial, as well as the Court. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at any hearing or trial upon reasonable notice to all parties and non-parties who have produced such information.

16. Any witness or officer at a deposition who is given access to Confidential

Information, as provided in Paragraphs 10(e) hereof, shall, prior thereto, be provided with a copy of this Agreed Protective Order and shall execute the Agreement to Respect Confidential Information annexed hereto as Exhibit A. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

17. Nothing herein shall be deemed in any way to restrict the use of Documents or Testimony which are publicly available to a party independent of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and whether or not such Documents or Testimony have been designated as Confidential Information.

18. Nothing herein shall be deemed to prohibit disclosure of any discovery material designated as Confidential Information to such persons as appear on the face of the Document to be its author, recipient, or subject, and nothing in this Agreed Protective Order shall be deemed to limit or prohibit use of the Producing or designating Party's own information, even if that information has been designated as Confidential Information.

19. Subject to Paragraph 19(a), no unredacted Confidential Information shall be filed in the public record of this action, unless the Producing or designating Party has agreed to withdraw the Confidential Information designation, the Court has ruled that the information or material is not Confidential Information, or the Court otherwise directs for good cause. Nothing prohibits any party from filing in the public record of this action a copy of a Document or Testimony where the Confidential Information has been redacted.

    a. Pursuant to Local Rule 79.3, any party seeking to file with the court Documents or Testimony designated as unredacted Confidential Information, or any materials disclosing the contents of such Documents or Testimony, shall submit to the Clerk in a securely

sealed envelope (or other securely sealed container) on which shall be endorsed the caption of this litigation, a descriptive title of the document (unless such information is to be, or has been, included among the information ordered sealed), the date of this Agreed Protective Order, and the words "DOCUMENTS UNDER SEAL" or the equivalent as a conspicuous indication of the nature of the contents. Nothing in this Order shall prohibit a party from filing appropriately redacted copies of information publically with the Court. Nothing prohibits any party from filing in the public record of this action a copy of a Document or Testimony where the Confidential Information has been redacted.

   b. A copy of any Document filed under seal may also be delivered to the judicial officer's chambers.

 20. Any person receiving Confidential Information shall not reveal or discuss such information to, or with, any person not entitled to receive such information under the terms hereof.

 21. Any Document or Testimony that has been inadvertently produced without identification as Confidential Information as provided in this Agreed Protective Order, may be so designated by written notice to all other parties' counsel identifying the Document or Testimony as Confidential Information within a reasonable time following the discovery that the Document or Testimony has been produced without such designation.

 22. Pursuant to Civil Rule 26(b)(5)(B) and Federal Rule of Evidence 502, the inadvertent production of any Document or Testimony during discovery in this action shall be without prejudice to any claim that such material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or ground for withholding production, and no party shall be held to have waived any rights by such inadvertent

production. Upon written notice of such an inadvertent production, the Receiving Party shall make no further use of the Document or information until further order of the Court.

23. Nothing in this Agreed Protective Order shall operate to require the production of Documents or Testimony that are subject to a good faith assertion of attorney-client privilege, the attorney work product doctrine, or other privilege or protection from disclosure.

24. Nothing in this Agreed Protective Order shall prevent Ohio State from fulfilling the obligations and responsibilities regarding student privacy placed on it by FERPA or Title IX, including, as necessary, producing redacted information as required by FERPA or Title IX.

25. Extracts, summaries, compilations, notes, copies, electronic images or databases of Confidential Information shall also be treated in accordance with the provisions of this Agreed Protective Order.

26. The production or disclosure of Confidential Information shall in no way constitute a waiver of any party's right to object to the production or disclosure of information in this action or in any other action, including, but limited to, objecting to production on the basis of relevance, burdensomeness, presence of trade secrets, presence of personal identifying information, presence of ulterior motives and/or improper purpose by the party requesting the materials, and/or the existence of contractual or other legal requirements to protect confidentiality of certain requested information.

27. The designation of any Documents or Testimony as Confidential Information is intended solely to facilitate preparation for trial and treatment in conformity with such designation will not be construed in any way as an admission or agreement that the designated Documents or Testimony contains confidential information.

28. If counsel for any party receives notice of any subpoena or other compulsory

process commanding production of Confidential Information that a party has obtained under the terms of this Agreed Protective Order, counsel for such party (a) shall notify the Producing or designating Party in writing at least five days prior to the compliance due date (if there are fewer than ten days to comply) or at least seven days prior to the due date (if there are more than ten days to comply), (b) shall cooperate to the extent necessary to permit the Producing or designating Party to seek to quash such process or discovery request; and (c) shall not produce the Confidential Information until the Producing or designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Producing or designating Party to obtain relief from the subpoena or order prior to the due date of compliance. The party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order, but unless excused by order of the relevant court, shall be permitted to make the disclosure or production on that due date.

29. Absent prior written consent of both parties and affected non-parties, this Agreed Protective Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on Documents or Testimony that are used as exhibits in Court (unless such exhibits were filed or used under seal); and (b) that a party may seek the written permission of the Producing or designating Party or further order of the Court with respect to dissolution or modification of any portion of the Agreed Protective Order.

30. Nothing herein shall be deemed an admission as to the relevance and/or admissibility in evidence of any facts, Documents, Testimony or other materials revealed in the course of disclosure.

31. Nothing herein shall be deemed to prejudice in any way a party's ability to

present a motion to the Court for a separate protective order, including, but not limited to, a motion seeking restrictions different from those specified herein.

32. Nothing herein shall constitute a waiver of any party's claims or defenses.

33. Within sixty (60) days after the final termination of this and all other litigation between the parties hereto by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing or designating Party or shall be destroyed. In the event that any party chooses to destroy Documents or Testimony containing Confidential Information, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such Documents or Testimony containing Confidential Information and that such Documents or Testimony containing Confidential Information have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of Documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Agreed Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or applicable codes of professional responsibility. Nothing in this Agreed Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party herein or its affiliate(s) in connection with any other matters.

34. This Agreed Protective Order is entered into without prejudice to the right of any party to seek relief from, or modification of, this Agreed Protective Order or any provisions thereof by properly noticed motion to the Court. This Agreed Protective Order may be changed by further order of this Court.

35. The parties agree to be bound by this Agreed Protective Order while the Court is considering whether to approve it. If the Court declines to approve the Agreed Protective Order, the parties agree to treat all information produced in this matter consistently with any designation as Confidential Information pending the negotiation and approval by the Court of a revised Agreed Protective Order.

IT IS SO ORDERED.

S/ James L Graham  
James L. Graham  
UNITED STATES DISTRICT JUDGE

Date: August 14, 2015

**Approved By:**

       MICHAEL DeWINE
       ATTORNEY GENERAL OF OHIO

By:    /s/ Michael H. Carpenter
       Michael H. Carpenter (0015733)
       Timothy R. Bricker (0061872)
       Caitlin E. Murphy (0090665)
       CARPENTER LIPPS AND LELAND LLP
       280 Plaza, Suite 1300
       280 North High Street
       Columbus, OH 43215
       E-mail:carpenter@carpenterlipps.com
           bricker@carpenterlipps.com
           murphy@carpenterlipps.com

       Special Counsel for Defendant The Ohio State University


       /s/ David F. Axelrod per e-mail authorization 8/11/15
       David F. Axelrod (0024023)
       Mark D. Wagoner (0068577)
       James M. Petro (0022096)
       Katherine S. Decker (0085600)
       SHUMAKER, LOOP & KENDRICK, LLP
       41 South High Street, Suite 2400
       Columbus, OH 43215
       E-mail: daxelrod@slk-law.com
           mwagoner@slk-law.com
           jpetro@slk-law.com
           kdecker@slk-law.com

       Attorneys for Plaintiff Jonathan N. Waters

**EXHIBIT "A"**

**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN N. WATERS | ) | Case No. 14 CV 1704 |
| | ) | |
| Plaintiff, | ) | Judge James L. Graham |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL V. DRAKE, M.D., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

_____

4. I have received a copy of the Agreed Protective Order (the "Agreed Protective Order") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Agreed Protective Order.

6. I will comply with all of the provisions of the Agreed Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Agreed Protective Order, and will use only for purposes of this action, any Confidential Information or Attorneys' Eyes Only Information that is disclosed to me.

8. I will return all Confidential Information or Attorneys' Eyes Only Information that comes into my possession, and Documents or things that I have prepared relating thereto, to

15

counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Attorneys' Eyes Only Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Agreed Protective Order in this action.

Dated:_____   _____
                             Signature

                             _____
                             Printed name, and if applicable, title

632480