IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JONATHAN N. WATERS,                                  Case No. 2:14-cv-1704

        **Plaintiff,**                                     Judge Graham

   v.

                                                           Magistrate Judge Kemp

MICHAEL V. DRAKE, M.D., *et al.*,

        **Defendants.**

**ORDER**

This matter is before the Court on the Plaintiff's Motion to Expand the Scope of Discovery (doc. 46). For the reasons that follow, the Court will grant in part and deny in part the Plaintiff's Motion. The Defendants may disregard the Court's earlier Order (doc. 49) and need not file a response to the Plaintiff's Motion.

*Existence and identity of cat's paw individuals*: The Court believes that its prior orders permit the discovery of the existence and identity of cat's paw individuals and that there is no need to expand the limits of discovery in this area. The Court will reiterate its intent that the Plaintiff be permitted to discover the identity and existence of any individuals who may have influenced decisions made by President Drake, individual members of the Board of Trustees, Dr. Steinmetz, Dr. Botti, Athletic Director Smith, and Mr. Glaros.

*Review and examination of the findings made in the Glaros Report*: During a telephonic discovery conference held on July 29, 2015, the Court refined and expanded the scope of discovery regarding Mr. Glaros, which was first outlined in the Court's Order of July 15, 2015. The Court indicated that the Plaintiff may pursue lines of inquiry reasonably calculated to lead to admissible evidence that Glaros was motivated by gender discrimination or was influenced by

1

someone else who was motivated by gender discrimination in the course of his investigation of the complaint that there was a sexualized culture in the University's marching band while the Plaintiff served as its director. The permissible scope of discovery thus would include questions relating to Glaros's own attitudes and beliefs, as well as any other investigations of similar allegations that he has been assigned to, specifically any similar investigations involving females and, if there were any investigations involving females, whether there were any differences in his approach or the way he conducted the investigation or the standards that he applied or any other matters that would be related to the issue of whether he treated women differently than men in the course of such investigations. It would also include questions to determine whether Glaros received instructions from others regarding how he should conduct the investigation, whether he received any advice or instructions regarding the conclusions that he ultimately reached in the investigation, whether he was completely independent of the influence of others in the conduct of his investigation or whether others exercised some degree of control over his investigation. The Court further established that the Plaintiff may question Glaros about his knowledge of an August 13, 2014 meeting between representatives of the University and the United States Department of Education Office of Civil Rights. The deposition of Mr. Glaros may include questions calculated to determine whether any individual involved with the Office of Civil Rights investigation said or did anything that influenced how he conducted his investigation or the conclusions he reached.

     The Court will not permit the Plaintiff to conduct an examination consisting of a line by line review of the Glaros report in an effort to identify every procedural or substantive part of the investigation which the Plaintiff disagrees with or every discrete finding or conclusion which the Plaintiff may dispute.

*Production of entire investigative file for the Glaros report*: The Court declines to expand the scope of discovery to include this material at this time.

*Extension of discovery deadline*: The discovery deadline shall be extended to September 15, 2015.

*Motions to expand the scope of discovery or extend the discovery deadline*: If any party believes that information obtained as a result of discovery justifies an order further expanding the scope of discovery or further extending the discovery deadline, such party shall file a motion seeking such relief on or before September 15, 2015 and the motion shall specifically identify the discovery response or responses which justify such relief.

IT IS SO ORDERED.

                                                                  S/ James L Graham
                                                                   James L. Graham
                                                                   UNITED STATES DISTRICT JUDGE

Date:   August 14, 2015