IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jonathan N. Waters,              :

       Plaintiff,            :

   v.                            :        Case No.  2:14-cv-1704

                           :

Michael V. Drake, M.D., et al.:        JUDGE JAMES L. GRAHAM

      Defendants.           :        Magistrate Judge Kemp

<u>ORDER</u>

    This order is being issued to address a problem with the way in which Doc. #63 has been signed.

    Signing documents that are filed with the Court is governed by Fed.R.Civ.P. 11.  That rule states, in pertinent part, that, in cases in which a party is represented by an attorney, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name."  It also permits the Court to strike an unsigned paper "unless the omission is promptly corrected after being brought to the attorney's or party's attention."  Fed.R.Civ.P. 11(a).  The signing requirement is important for, among other reasons, the representations that accompany it concerning the basis for the claims, defenses, or statements made in the paper being filed, <u>see</u> Fed.R.Civ.P. 11(b), which, if untrue, can lead to the imposition of sanctions against the filer under Rule 11(c).

    Rule 11 does not directly define what is meant by "signing" a pleading, motion, or paper.  Fed.R.Civ.P. 5(d)(3) provides that a court "may, by local rule, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States."  With the advent of electronic filing, most courts have adopted procedures which address this issue for

electronically-filed documents.  S.D. Ohio Local Civil Rule 83.5 states that "[t]he actual signature of a Filing User [defined as an attorney or party registered to file documents under the Court's Electronic Case Filing system] shall be represented, for ECF purposes, by 's/' followed by the typed name of the attorney or other Filing User" and that such a "signature" is "equivalent for all purposes including Fed.R.Civ. P. 11 or any other rule or statute, to a hand-signed signature."  The Court presumes this is a valid rule, although in <u>Becker v. Montgomery</u>, 532 U.S. 757, 674 (2001), the Supreme Court held that while local rules on electronic filing "provide some assurance ... that the submission is authentic," Rule 11(a) still requires "as it did in John Hancock's day, a name handwritten (or a mark handplaced)" and that a typewritten signature did not comply with the rule. Nevertheless, there is authority that a local rule which specifies that use of the electronic filing system by an attorney who is a registered user constitutes the signing of a document for purposes of Rule 11(a).  <u>See, e.g., E.E.O.C. v. Dolgencorp, LLC</u>, 2011 WL 1260241 (M.D. N.C. March 31, 2011); <u>United States v. Sodders</u>, 2006 WL 1765414 (N.D. Ind. June 21, 2006).  This Court's electronic filing policies make an attorney responsible for all documents filed with his or her password, and that assures the Court that if a document is submitted from that attorney's account, there is an actual person who is responsible for the filing's content.

The "assurance" which is provided by the filing of a document using a registered filer's electronic account and password, however, is not present when a document is manually filed with only a typewritten "signature."  Notwithstanding the fact that the Court's Electronic Filing Policies and Procedures Manual, in Section I(A), requires all documents to be filed electronically "unless otherwise permitted by these policies and

-2-

procedures or unless otherwise authorized by the assigned judge," some attorneys who are registered for electronic filing still submit documents for manual filing.  Sometimes, as in the case of a document to be filed under seal, that is necessary.  When that occurs, however, the document has not arrived at the Court electronically through an account to which only a registered user (who can be identified) has access; rather, it has simply appeared at the counter in the Clerk's office.  Although the same Policies and Procedures Manual, at Section II(C)(2), provides for the same "s/" signature format as Local Civil Rule 83.5, it does so only for documents which are "filed electronically or submitted on disk to the Clerk's Office."  To the extent that this procedure appears to authorize a typed signature on a document submitted on disk, because, again, any person (and not just the registered filer) can bring a disk containing a document with a typed "signature" into the Clerk's office, the lack of assurance that the document is actually being filed by a registered user who is vouching for its content and for compliance with Rule 11(b) raises an issue about whether such a policy is consistent with Rule 11(a) as interpreted in <u>Becker v. Montgomery</u>.

In this case, a document has been filed manually which bears only a typed "signature" of an attorney.  The document did not arrive by electronic means.  The Court therefore lacks the assurance provided by that method that the document was prepared and authorized by the attorney whose name appears in typewritten form on the document's signature line.  Without such assurance, the signature requirement of Rule 11(a) has not been satisfied.  Therefore, within five business days of the date of this order, the party on whose behalf the document (#63) was filed shall submit, as appropriate, either an identical document with a "name handwritten" or submit the document by electronic means.  The

failure to do so may cause the Court to strike the filing.

/s/ Terence P. Kemp
United States Magistrate Judge